# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEROY TATE, JR., | CV F   05-1617 REC DLB HC |
|     Petitioner, | ORDER DIRECTING PETITIONER TO AMEND PETITION |
|     v. | [Doc. 1] |
| SCOTT KERANA, et.al., | |
|     Respondents. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on December 15, 2005 in the United States District Court for the Eastern District of California, Sacramento Division, and paid the $5.00 filing fee.[1]  On December 20, 2005, the action was transferred to this Court.

A.   <u>Incomplete Petition</u>

A preliminary review of the petition reveals that Petitioner has not completed the petition and listed each ground for relief along with a brief statement of facts supporting each ground. Petitioner instead makes reference to several pages submitted in separate form in support of his petition.

Rule 2 of the "Rules Governing Section 2254 Cases" provide that the petition:

---

[1] On this same date, Petitioner submitted an application to proceed in forma pauperis. However, because Petitioner paid the filing fee for this action, the application is unnecessary and shall be DISREGARDED.

1

> " . . . shall specify all the grounds for relief which are available to the petitioner and of which he has or by the exercise of reasonable diligence should have knowledge and Shall set forth in summary form the facts supporting each of the grounds thus specified."

Rule 2(c), 28 U.S.C. § 2254. Additionally, the Advisory Committee Note to these rules explains that: " '(N)otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.' " 28 U.S.C. § 2254, p. 1111; *Quoted approvingly in* Blackledge v. Allison, 431 U.S. 63, 75 n.7, 97 S.Ct. 1621 (1977). Petitioner did not adequately fill out the portion of the petition setting forth the grounds for relief and providing a brief statement of the facts in support thereof. Instead, petitioner makes reference to the documents he submitted in support of his petition. A petitioner may submit attachments or exhibits to the petition, however, the form itself must be completed in its entirety. Petitioner must submit an amended petition filling out the portion of the petition which sets forth a brief statement of the ground for relief and supporting facts thereto. The court stresses the impropriety of filing a blank petition along with attachments. This type of filing requires the court to expend a significant amount of time attempting to determine what Petitioner's claims are and whether he provides sufficient facts to support them. Such information can be provided in a brief manner by completing the form petition. Moreover, it is not the duty of federal courts to try to determine what might constitute a claim for relief or which claims petitioner might intend to bring before the court. Such duty is upon the individual who asserts a denial of his constitutional rights. The court will not read through several pages in order to determine what claims Petitioner might wish to bring. The form petition is provided to Petitioner to make the listing of claims easy and enable the court to make a determination that the claim and supporting facts allege a proper denial of a constitutional right. The court cannot proceed with the case until such claims are made clear. Thus, Petitioner must come forth with a statement of sufficient clarity and a brief statement of supporting facts to enable a court to understand his argument and to render a decision on the matter.

B.   Exhaustion

Although it is not clear the claim(s) Petitioner is attempting to raise in the instant petition,

Petitioner is advised that a petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis). Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66, 115 S.Ct. at 888; Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). For example, if a petitioner wishes to claim that the trial court violated his due process rights "he must say so, not only in federal court but in state court." Duncan, 513 U.S. at 366, 115 S.Ct. at 888.

Because it is unclear what, if any, claims were exhausted in the state's highest court, Petitioner will be ordered to show cause regarding exhaustion. If possible, Petitioner should present to the Court documentary evidence that the claims raised in the instant action were indeed presented to the California Supreme Court.[2]

Accordingly, it is HEREBY ORDERED that:

1.  Petitioner is GRANTED thirty (30) days from the date of service of this Order to

---

[2] A copy of the California Supreme Court's denial alone is insufficient to demonstrate exhaustion. The proper documentation to provide would be a copy of the Petition *filed* in the California Supreme Court that includes the claim(s) presented and a file stamp showing that it was indeed filed in that Court.

SUBMIT an AMENDED PETITION that clearly lists each ground for relief petitioner intends to raise in this Court along with a brief statement of supporting facts. Petitioner should further specify what claims were raised in the state court system. The amended petition should be clearly and boldly titled "AMENDED PETITION," contain the appropriate case number, and be an original signed under penalty of perjury. Petitioner should also note that every pleading to which an amendment or supplement is permitted must be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading. Local Rule 15-220.

2. The Clerk of Court is DIRECTED to send petitioner a blank form petition for petitioners filing pursuant to 28 U.S.C. § 2254.

Petitioner is forewarned that his failure to comply with this order may result in a Recommendation that the petition be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

Dated:   February 6, 2006                     /s/ Dennis L. Beck
3b142a                                    UNITED STATES MAGISTRATE JUDGE