UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEROY TATE, JR.,<br><br>        Petitioner,<br><br>   v.<br><br>SCOTT KERANA, et.al.,<br><br>        Respondents.<br>_____/ | CV F   05-1617 REC DLB HC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING AMENDED PETITION FOR WRIT OF HABEAS CORPUS<br><br>[Doc. 12] |

     Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

     Petitioner filed the instant petition for writ of habeas corpus on December 15, 2005. On February 7, 2006, the Court issued an order directing Petitioner to submit an amended petition clarifying his claims for relief and indicating whether he had sought relief at the California Supreme Court. (Court Doc. 10.) Petitioner filed an amended petition on March 2, 2006. (Court Doc. 12.)

DISCUSSION

     On the form petition, Petitioner indicates that he filed a petition for writ of habeas corpus with the California Court of Appeal, Fifth Appellate District and attaches a copy of the order denying the petition. However, in response to the question whether Petitioner sought relief by a higher court, i.e. the California Supreme Court, Petitioner writes "N/A." (Amd. Pet. at 2.)

     As stated in the Court's February 7, 2006, order, a petitioner who is in state custody and

wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis.  Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis). Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim.  Duncan, 513 U.S. at 365-66, 115 S.Ct. at 888; Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).  For example, if a petitioner wishes to claim that the trial court violated his due process rights "he must say so, not only in federal court but in state court."  Duncan, 513 U.S. at 366, 115 S.Ct. at 888.

Because Petitioner has failed to seek relief at the California Supreme Court, he has not exhausted the state court remedies and the petition must dismissed, without prejudice.[1]

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that the instant petition for writ of habeas corpus be DISMISSED, without prejudice, for failure to exhaust the state court remedies.

These Findings and Recommendations are submitted to the assigned United States District

---

[1] The Court bases this finding on the fact that Petitioner was specifically directed to inform the Court if he sought relief at the California Supreme Court, to which Petitioner has responded that it was not applicable.  (Amd. Pet. at 2.)

1  Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the
2  Local Rules of Practice for the United States District Court, Eastern District of California.  Within
3  thirty (30) days after being served with a copy, any party may file written objections with the court
4  and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate
5  Judge's Findings and Recommendations."  Replies to the objections shall be served and filed
6  within ten (10) court days (plus three days if served by mail) after service of the objections.  The
7  Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The
8  parties are advised that failure to file objections within the specified time may waive the right to
9  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

10         IT IS SO ORDERED.

11         **Dated:   March 17, 2006**                    **/s/ Dennis L. Beck**
   3b142a                                                 UNITED STATES MAGISTRATE JUDGE